## ROBINSON v. McDONALD's WIDOW AND HEIRS.

Where the vendor, in an executory contract to convey land, dies, and his vendee becomes his administrator, the vendee can sustain an action in the District Court, for specific performance, or for performance in part and damages for the residue, against the widow and heirs, without any previous action in the County Court upon the subject.

In general, the surviving husband cannot convey a greater interest in community property, than one-half; but it seems that a purchaser may claim the benefit of equities which arise in favor of the husband, from the payment of charges against the community, and in favor of a purchaser of part of land which is in-cumbered, by which he would be secure, so far as the husband has paid debts against the community beyond the amount of community consumed by him, and where the deceased wife's portion of the community yet remains after satis-fying the sale by the surviving husband.

It seems to be a rule, in the partition of land, where one part owner has made im-provements in good faith, to allot the part, upon which the improvements are made, to the party making them, or if that cannot be done, then to allow com-pensation for such improvements.

Where a surviving husband contracts to convey community property, and dies, the

claim of the vendee is not a money demand, at least not exclusively so, and is not included in that class of claims which must be presented to, and allowed by, an administrator, or which, (as the plaintiff is himself the administrator,) must be filed under Art. 1242, of the Digest.

Appeal from Walker. This is a suit to compel specific performance of a contract for the sale of land. The plaintiff, B. W. Robinson, in his petition, alleges that Wm. McDonald, in his life time, on the 19th day of November, 1851, executed his bond to convey title to the petitioner, of a certain tract of land lying in Walker county, more fully described in a deed from James W. Spillers to Finetta McDonald; conveyance to be made within two years from the date of the bond; and that the petitioner had paid to the said McDonald a full consideration for the said land; that McDonald, in 1852, departed this life, intestate, without having executed a deed to said land; that the petitioner has been duly appointed administrator of the estate of the said McDonald, and being such, could not procure a title through the County Court; that McDonald left certain children, who are named as heirs, and, also, one who is his child by his last wife, now his widow. He prays that the said widow and heirs be cited; that guardians *ad litem* be appointed, for the minors; and that the petitioner be decreed to have title to the said lands, and such other relief as may seem equitable. The minor heirs of the deceased, who are children by his first wife, among other matters in their answer, allege that the land sued for belonged to their mother, in her separate right, and that it has descended to her children as heirs, and that their father never had any title to said lands. The plaintiff amended his petition and alleged that the lands were purchased and paid for by Wm. McDonald; that Finetta McDonald paid no part of the purchase money, although the deed was made to her. He further states, that since his purchase, he has placed valuable improvements on the land, of a permanent character, worth five hundred dollars, and prayed that if a specific decree could not be made, he might recover his purchase money and interest, and the

value of his improvements, and all such damages as he may be entitled to, from the failure in the title. The bond for title, which was filed, was executed on the 19th November, 1851 ; and, by recital, it shows that the deed from Spillers to Finetta McDonald, the wife, was executed on the 31st day of January, 1851. The defendants, by amendment, allege that the sale of the said land by their father, was made after their mother had departed this life. The cause was submitted to the Court, upon the petition and answer with their amendments, and upon the testimony ; and because it appeared to the Court that the sale was made subsequent to the death of Finetta, the wife, and that the land was community property, and it further appearing that the succession and administration of Wm. McDonald's estate was still open in the County Court, it was ordered that the petition be dismissed.

There was proof establishing the fact, that the property belonged to the community ; that the sale by the deceased to Robinson was subsequent to the death of his wife Finetta ; and that Robinson, since his purchase, had made improvements of a permanent character, to the value of four hundred dollars.

*Yoakum & Branch*, for appellant. This bond, under the Act of 1848, was not a claim for money, (Hart. Dig. Art. 1159,) and such as the administrator must proceed to prove up under Article 1242. He alleged and proved improvements. to amount of four hundred dollars. Again, the six months had expired, and he could not present his claim to the County Court; as he had made valuable improvements, he was entitled to more than the purchase money and interest. (Sutton v. Page, *et ux.*, 4 Tex. R. 142.)

The County Court is not the proper tribunal to award these damages, or to value these improvements. A jury will best do justice to all parties. For this cause, the Act of 1846 was modified by that of 1848, in which money claims alone are to be presented before suit. (Hart. Dig. Art. 1159.)

Robinson should have had relief in the District Court. It could have given him a decree for a moiety of the land, and let a jury assess the value of the other moiety; or it could have given him damages for all. The County Court is too clumsy, too restricted in its jurisdiction, to afford this relief. If a Court cannot do full equity, it will go as far as the case will allow towards it.

To turn a meritorious applicant out of a Court of general jurisdiction, and send him with all his equitable rights to a Court where his claim is barred, and which, if not, could not reach the merits of his case, is by no means an answer to the claims of distributive justice.

*W. A. Leigh,* for appellees. Upon the face of the bond, it appears that Wm. McDonald had no title to the land in controversy, and that the same is vested in the heirs of Finetta McDonald. It is not only clear that the land belongs to her heirs, but it is also certain that the appellant knew it at the time this contract was made. Specific performance will not be decreed against a party who has no title. The petition, then, it would seem, is deficient. But there is an amendment: The appellant alleges that the land was purchased and paid for by Wm. McDonald, and that Finetta McDonald paid no part of it, although the deed was made to her; that improvements had been made upon said land, to the value of five hundred dollars, and he asks for a decree (in case the Court cannot decree specific performance) for that amount, and for the purchase money and all other damages. In no part of the petition can the amount of the purchase money be found. It is alleged in the original petition to have been a "a full consideration," but the Court cannot act upon such indefinite terms.

The principle decided in the case of Sutton v. Page and Wife, (4 Tex. R.,) is applicable to this case, with this exception, that a creditor who is administrator is governed by a different rule. He must file his claim in the County Court, on or before the sixth Term of the Court, after the grant of let-

ters. (Hart. Dig. Art. 1242.) The Article above referred to provides that such claims may be proved before the Chief Justice. So that the appellant, by his neglect, is without remedy. It may be proper, before concluding this brief, to call the attention of the Court to the fact, that the demurrer of the appellees was overruled by the Court below, and the case was submitted to the Court. Upon the facts proven, as appears in the statement of facts, the Court below adjudged in favor of appellees. By reference to the decree made, it will be seen that the land in controversy was held to be community property. This position is sustained by the admission of the parties, that it was paid for with community property. By reference to the petition it will be seen that the succession of McDonald is still open. With these facts before the Court below, a different judgment could not have been rendered.

HEMPHILL, CH. J. The defendants in error urge that the bond constituted a money demand against the estate, and redress for its breach should have been sought in the Probate, and not in the District Court. The plaintiff contends that he was entitled to relief in the District Court, and should have had a decree for a moiety of the land, with damages for the value of the other moiety or that damages for the whole should have been allowed. That the plaintiff is entitled to all the interest which the deceased vendor had in the land, or could have legally or equitably claimed, is not to be questioned. For aught that appears, this would be one-half, inasmuch as he is entitled to one-half of the community generally, the children of the wife being entitled to the other half. No inquiry was made as to the existence of debts at the dissolution of the community by the death of the wife, or whether any of these were paid by the surviving husband, and what credits, if any, he was entitled to for such payments, and how much, on equitable principles, his share of the community might be increased, to reimburse him for such expenditures. These equities were not the subject of examination, and there were probably

no facts to raise such claims on the part of the surviving husband or his vendee. The record, then, shows a case in which the surviving husband and through him, his vendee, is entitled to one-half of the tract of land in controversy ; and on partition, he would, on equitable principles, be entitled to that portion on which he had made his improvements, or if that, with due regard to the rights of others, could not be assigned to him, then to compensation for such improvements.

Should it be ascertained, on the partition of the community property, that the whole of this tract would not exceed the moiety or share to which the husband is entitled, then, if the rights of the other co-tenants be not injuriously affected, the whole should be assigned to the husband or to the vendee representing his rights. (2 Story, Eq Sec. 656, 657.) At all events, the vendee has a claim on the one half of the tract. His right to that cannot be resisted, on any matter apparent on the record, or which was in contemplation of the parties to the suit; and his prayer for title, to that extent, should have been granted.

But he is entitled, not only to the interest which the deceased, as part owner of the community, had in the tract of land, but to damages for the breach of covenant to convey good title to the whole of the land. This, as we have seen, must be specifically enforced, so far as the vendor had title, and for the deficiency—that is, for the remaining half—he must be compensated in damages.

The facts that the property belonged to the community, and that the succession of McDonald is still open, are stated in the judgment as grounds for the dismissal of the petition. There is probably some mistake in the entry. The dismissal of the petition is not warranted by the facts as stated. That the land belonged to the community, could not deprive the vendee of the right or extent of interest, which the vendee had at the time of the sale, either legally or equitably, in the land.— Whether the succession of McDonald was open or not, is a fact which could not materially affect the rights of the plain-

tiff. He claims under a sale made before McDonald's death, and for a specific performance of a contract for title; and to this he is entitled, at least in part. He is not claiming (at least not wholly) as a creditor, but as a purchaser prior to the death of the vendor.

From suggestions in the arguments, it may be inferred that the action of the Court below was based on the opinion that the plaintiff must prosecute his redress in the County Court. But this claim is not properly cognizable in that Court. It is not a money demand, at least not exclusively so, and is not to be included in that class of claims which must be presented to, and allowed by, an administrator, or which, as the plaintiff is himself the administrator, must be filed under Art. 1242, of the Digest.

It is ordered, adjudged and decreed, that the judgment of the Court below be reversed, and the cause remanded for a new trial.

Reversed and remanded.