Houston & Tex. Cent. R'y Co. v. Frank Conrad.

(Case No. 1580.

1. Damages.— Persons who engage in any employment assume the risks necessary to that employment, and when aware of the dangers connected with it they voluntarily use implements which they know, or, by the exercise of the knowledge they possess, might know, are not so well adapted to their business as other implements, they cannot recover damages for injuries resulting therefrom, which might have been avoided by the use of that ordinary care which it is the duty of every one to use.

2. Same.— Such is particularly the case when the work in which the injured party was engaged was not such as was contemplated by his employer to be performed in the manner done by him.

Error from Limestone. Tried below before the Hon. L. Bradley.

Frank Conrad brought this suit for damages resulting from the loss of his left eye. He charged " that he was in the employ of the company, and in the line of his employment, engaged in striking a chisel with a spike maul, in the act of cutting railroad iron in two. That a piece or sliver from the head of the cold chisel flew off and put his eye out."

He alleged that " the spike maul that he was using to strike the cold chisel was an improper instrument furnished by the company for that purpose. That it should have been a sledge hammer with a broader face."

There was a verdict and judgment for Conrad for $1,000.

*Geo. Goldthwaite*, for plaintiff in error, cited: G., H. & H. R. R. Co. *v.* Lempe, 1 Tex. L. Rep., 890; G., H. & H. R. R. Co. *v.* Drew, 1 Tex. L. Rep., 925; H. & T. C. R. R. Co. *v.* McNamara, 1 Tex. L. Rep., 945; T. & N. O. R. R. Co. *v.* Robinson, lately decided at Galveston.

No briefs on file for defendant in error.

STAYTON, ASSOCIATE JUSTICE.— It appears in this case that the appellee was injured by a small piece of a cold chisel, on which he was striking with a spike maul, flying off and striking him in the eye.

It does not appear that the cold chisel was defective in make, material or temper, but it does appear that even with a proper cold chisel small parts will frequently break and fly off.

The appellee was a blacksmith and accustomed to the use of a cold chisel, and hence as likely, if not more so, than other employees of the appellant to know the danger resulting from the use of a cold chisel in the manner in which it was used.

It is urged that the hammer which he was using was not as suitable for the purpose for which it was used as would have been one with a broader face. This may be true, but the facts in proof forbid the belief that he was ignorant of that fact.

He stated that he was a blacksmith, having served an apprenticeship of three years in Europe, and his own witness stated that " A blacksmith who had served as apprentice three years should know on looking at a spike maul that it was not a proper instrument to use in striking a chisel. Splinters frequently fly from the head of a chisel." The appellee himself stated that " the heads of all chisels batter; pieces often fly off of the head of a cold chisel."

Persons who engage in a given employment assume the risks necessarily incident to that employment, and they cannot shut their eyes to dangers which are apparent, and voluntarily use implements which they know, or by the exercise of the knowledge which they have, might know, are not so well adapted to the business in which they are engaged as some other instrument might be, and when injury therefrom results, seek and recover damage for injuries which might have been by them avoided by the exercise of that ordinary

care which it is the duty of every one to use.   59 Tex., 19; 59 Tex., 10; 59 Tex., 255.   The record in this case forbids the conclusion that the appellee did not voluntarily assume the risk of injury from the tools used, and this with a knowledge of their character more ample and accurate than would be that of one who in the course of his business had not acquired a knowledge of the use of such tools.

It is further rendered probable that the cutting of bars of railroad iron, cold and away from a shop, was not contemplated by the railway company.   A witness for the appellee, who had worked in railroad shops for about twenty years, made the following statement:

"Am a blacksmith; have been so since '49; worked at blacksmithing for railroads about twenty years; served as foreman in the Memphis & Charleston Railroad and other railroads, and, in 1867, in the Texas Central Railroad shops; when I worked at that business we never used to cut bar iron cold; always cut it in the shops hot; never in my life had a bar of railroad iron cut off cold, away from the shops; always sent out short pieces of the length required. I have seen it done, however."

If this be the usual course, and the manner expected that employees will pursue, then the act of the appellee and the person with whom he was working was improper, and they were guilty of negligence if they knowingly pursued a more dangerous course unnecessarily.   In doing the work in which they were engaged at the time the injury occurred, the appellee and the person who was working with him were fellow-servants.

We are of the opinion that the court below erred in refusing to grant a new trial, and for that reason the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 12, 1884.]

Chief Justice WILLIE did not sit in this case.