### HOLLOWAY et al. v. HALL et al.

(Court of Civil Appeals of Texas. Galveston. Oct. 26, 1912. Rehearing Denied Dec. 5, 1912.)

1. APPEAL AND ERROR (§ 554*)—FINDINGS OF FACT—CONCLUSIVENESS.

The findings of fact are in the absence of a statement of facts conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2472–2477; Dec. Dig. § 554.*]

2. PARTITION (§ 85*) — IMPROVEMENTS — EFFECT.

A tenant in common who has improved the land, not to embarrass his cotenant, is entitled to have the improvements set apart to him if it can be done without injury to the cotenant, and, if it cannot be done, he is entitled to compensation from the cotenant in the partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 236–245; Dec. Dig. § 85.*]

3. APPEAL AND ERROR (§ 934*) — PRESUMPTIONS—JUDGMENT—RECORD.

In the absence from the record of the pleadings, the court on appeal will presume in sup-

port of the judgment that the pleadings on file authorized the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. § 934.*]

4. APPEAL AND ERROR (§ 1028*)—HARMLESS ERROR—INFORMALITY OF PROCEDURE.

Where the unchallenged findings attain justice, the judgment thereon will not be reversed merely because of informality of procedure, not affecting the merits or the substantial rights of the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4034; Dec. Dig. § 1028.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by Mrs. C. L Holloway and another against H. L. Hall and others for partition. From a judgment overruling objections to the report of commissioners partitioning the land and approving the partition made by them, plaintiffs appeal. Affirmed.

Crow & Phillips, of Groveton, for appellants. Joe W. Thomas, of Woodville, for appellees.

McMEANS, J. This is the second appeal of this case. See Holloway v. Hall, 136 S. W. 488. On the former appeal it was decided on the undisputed facts that the appellants Holloway were entitled to five-eighths of the land in controversy and the appellees Kirkland to three-eighths thereof, and the judgment of the trial court was reversed, and the cause remanded, with instructions to the district court to render judgment accordingly, and to cause the land to be partitioned between the parties according to law. Upon the filing in the court below of the mandate of this court, the district court entered its decree in accordance with such instructions, and appointed commissioners of partition, ordering them "to make a fair, just, impartial, and equitable division of said tract of land in accordance with the provisions of said decree and the law—that is to say, that you are to apportion said land as above instructed, five-eighths to the plaintiffs and three-eighths to the defendants—and this you shall do equitably." The commissioners of partition, after being duly commissioned, entered upon the land, surveyed it to ascertain the exact number of acres in the tract, made partition thereof, and then made their report to the court. They reported that the tract contained 41½ acres, that the land without the improvements was of the uniform value of $7 per acre, and they apportioned to the Holloways 26 acres, and to the Kirklands 15½ acres thereof. They further reported that the defendants Kirkland occupied and had made permanent and valuable improvements on a part of the land, which they held as tenants in common with the Holloways, of the value of $200, and that in making partition they had set aside and apportioned to the Kirklands the land upon which such improvements had been erected

by them. After the commissioners had made their report, and before it had been acted upon by the court, the plaintiffs Holloway filed their objections thereto, the objection in the main being, substantially, that, as the commissioners found that the improvements on the land were worth $200, this added that much to the value of the land as a whole, and that the commissioners should have considered the value of both the land and improvements in making a fair and equitable partition and not the value of the land alone. Their contention, in other words, is that they were entitled to a greater number of acres than were apportioned to them to offset the tract, made more valuable by the improvements, which was set apart to the Kirklands. In answer to this contention, the Kirklands filed a plea in which they set up that, being tenants in common with the Holloways, they entered upon the land and placed improvements thereon, and that such improvements were made in good faith, and not with the intent to embarrass their cotenants, and that the same in no way affected the rights of the Holloways, and that the latter had in no wise been prejudiced by reason of the making of said improvements, and that such improvements do not extend over, affect, or interfere with the Holloways in the use and enjoyment of the land set apart to them by the commissioners of partition; and they prayed that the report allotting to them the 15½ acres, including the value of their improvements, be confirmed. The pleadings of the parties, other than those filed subsequently to the filing of the report of the commissioners of partition, are not incorporated in the record. The court, after hearing the exceptions and objections of the plaintiffs, and the evidence adduced thereon, overruled the same, and entered judgment approving the report of the commissioners of partition, and vesting in the parties title to the land apportioned to them respectively. From this judgment the plaintiffs Holloway have appealed.

No statement of facts accompanies the record, but upon proper request the trial judge filed his findings of fact and conclusions of law, from which we copy so much as we think essential to an understanding of the grounds upon which this decision is based:

"(4) I find that on July 25, 1911, this cause being reached for trial, this court entered its judgment in obedience to said order and decree of the Court of Civil Appeals, adjudging and decreeing to Mrs. C. L. Holloway and R. R. Holloway a five-eighths of the land in controversy and to the defendants Ed Kirkland and Alta Kirkland three-eighths of said land, etc.

"(5) I find that also at the same time, to wit, July 25, 1911, this court also by its order and decree, in obedience to said order of the Court of Civil Appeals, ordered that the land in controversy be partitioned between

the parties in the proportionate shares, to wit, to said plaintiffs five-eighths, and to said defendants three-eighths of the land in controversy, and this to be done equitably, and at the same time appointed E. H. Hopson, Wm. McCready, and T. M. Hyde as commissioners to go upon the land and partition same in accordance with this court's decree.

"(6) I find that said commissioners did enter upon said land, and, after viewing same, partitioned the land, setting apart to the plaintiffs Mrs. C. L. Holloway and R. R. Holloway 26 acres of land off the east, and to the defendants Ed Kirkland and wife, Alta Kirkland, 15½ acres of the land off the west portion of said land in controversy.

"(7) I find that the said partition by said commissioners, upon a hearing of the exceptions filed by plaintiffs thereto, is a fair, just, and equitable division of the land.

"(8) I find that the 15½ acres set apart and partitioned to said defendants, including a dwelling house, one acre of land under fence, and some other small improvements, are of the value of $200, and I find that said improvements were placed thereon by said defendants and paid for by them, and that said improvements were not placed thereon by the defendants for the purpose of embarrassing the plaintiffs or the plaintiffs' rights, and I find that said improvements do not diminish the value of the other land in controversy nor affect the property set apart to the plaintiffs.

"(9) I find that the 26 acres set apart and partitioned to the plaintiffs has no improvements thereon, and said land is unaffected by any acts of the defendants or improvements placed on the other parts of the land by the defendants.

"(10) I find that said partition by said commissioners of said land was a fair, just, and equitable division of the land in controversy and in accordance with the decree of the court, and the land set apart to the respective parties is of equal value per acre, independent of the improvements.

"(11) I find that the 15½ acres awarded to the defendants is the homestead of the defendants, and I find that by actual survey there are 41½ acres of land in controversy."

Upon the facts found the court based the following conclusions of law:

"(1) I conclude that the land in controversy is susceptible of division and partition between the parties herein.

"(2) I conclude that the commissioners fairly, justly, and equitably partitioned the land in controversy between the parties herein, and that the 15½ acres set apart to the defendants and the 26 acres set apart to the plaintiffs is a fair and equitable division between said parties, and that the said report should be in all things approved and affirmed and entered of record by the clerk of this court, and that the title to such proportional shares and the land so set apart to the re-

spective parties be vested in them respectively.

"(3) I conclude that the improvements placed on the 15½ acres allotted to defendants properly go with the land to the defendants, being placed thereon by the defendants, not for the purpose of embarrassing plaintiffs and without prejudice or injury to plaintiffs."

[1, 2] We will not discuss appellants' assignments of error in detail. The facts, as we understand them, are simply these: The Holloways and the Kirklands were the owners, as tenants in common, of a tract of 41½ acres of land, the former owning ⅝ and the latter ⅜. The Kirklands, without any purpose of embarrassing their cotenants, moved upon the tract and made improvements thereon of the value of $200. The land which they thus occupied and improved was wholly within the 15½ acres set apart to them in the partition. The findings of fact of the court, which, in the absence of a statement of facts, are conclusive, are that the partition made by the commissioners was a fair, just, and equitable division of the land and in accordance with the decree of the court. The court concluded as a matter of law that the improvements placed on the 15½ acres allotted to the Kirklands, go to them with the land, having been placed thereon by them, not for the purpose of embarrassing their cotenants, and without prejudice or injury to them. That this is the law is not an open question in this state. In Whitmire v. Powell, 103 Tex. 236, 125 S. W. 889, our Supreme Court, in passing upon a similar question, says: "But as tenant in common of the tract he (Whitmire) had a right reasonably to improve it and to be reimbursed for the expense in partition, provided the improvements were not placed upon it for the purpose of embarrassing his cotenants in the assertion of their rights. A tenant in common who has improved the land, not for the purpose of embarrassing his cotenants, is entitled to have them set apart to him, providing it can be done in justice to his cotenants. If this cannot be done, then he is entitled to compensation for them in the partition." To the same effect are Burns v. Parker, 137 S. W. 707; Robinson v. McDonald, 11 Tex. 385, 62 Am. Dec. 480; Lewis v. Sellick, 69 Tex. 383, 7 S. W. 673; Johnson v. Bryan, 62 Tex. 627. We think that under the facts found by the court and under the foregoing authorities the judgment setting apart to the Kirklands the portion of the land improved by them was in all things correct.

[3] But appellants contend that there were no pleadings in the case to authorize the jury or the court to take into consideration the question of improvements made by appellees in making the partition, or in entering the decree. As we have before stated, none of the pleadings filed anterior to the filing of

the report of the commissioners of partition is incorporated in the record, and we cannot say, therefore, that no such pleadings were filed. In the absence from the record of the pleadings in the case, it will be presumed, in support of the judgment, that the pleadings on file at the time of the appointment of the commissioners authorized the rendition by the court of the judgment appealed from.

[4] However that may be, we think that in view of the fact findings of the court, which are unchallenged, the justice of the case has been attained, and that the judgment should not in such case be reversed and a new trial ordered because of some informality of procedure which cannot affect the merits of the controversy or the substantial rights of the parties. We have examined all of appellants' assignments of error, and are of the opinion that none of them presents reversible error, and they are severally overruled. The judgment of the court below is affirmed.

Affirmed.