### JORDAN et al. v. JUNKIN et al.
#### No. 9535.

Court of Civil Appeals of Texas. San Antonio.

March 6, 1935.

Rehearing Denied June 19, 1935.

R. A. Dunkelberg, of Brownsville, for appellants.

Paul H. Brown, of Harlingen, for appellees.

BICKETT, Chief Justice.

This is an appeal by Grace Jordan and husband, Frederick E. Jordan, from a judgment denying to them any recovery against Joseph K. Junkin and wife, Lola E. Junkin, upon an asserted cause of action for the conversion of personalty, the separate property of Mrs. Jordan, and allowing against them a recovery in favor of the Junkins upon a cross-action for debt and foreclosure of an innkeeper's lien upon the same property.

The Junkins, owners of Valley View Apartments, rented to Jordan an apartment therein for occupancy by himself and wife, and, upon default in payment of rent to the amount of $61.75, forcibly retained possession of a trunk containing furs, dresses, and other articles of clothing and personal effects, all the separate property of Mrs. Jordan owned by her before marriage. The rental agreement was made between the manager of the apartments and Jordan. Mrs. Jordan inspected the place, but did nothing to constitute herself the promisor as to payment of rents. A few days after entering the apartment, Mrs. Jordan received there her trunk. Mrs. Jordan testified that at or before that time, she informed the manager of the apartments that the trunk contained articles of wearing apparel and other personal effects that she owned before her marriage. It is undisputed that the contents of the trunk were the separate property of Mrs. Jordan. The rent being in arrears to the extent above stated, the apartment house manager locked the apartment against the Jordans and held the trunk with its contents.

■ In order to hold a married woman liable for necessaries furnished her, it is necessary that the indebtedness be contracted by her personally or through some one by her authority. The text of Speer, Law of Marital Rights in Texas (3d Ed.) § 177, p. 235, supported by many cases cited, reads:

"In order to hold the wife liable for necessaries furnished herself or children, the debt should be contracted by her personally, or

by someone acting under her authority. Such seems to be the intention of our statute, and has been the annunciation of our courts.

"By this is meant that she should do or say something that clearly indicates an intention upon her part to be bound for their payment, and cause the seller to look to her for such. It is not sufficient that she merely give the order for the goods, as for groceries for the family, for in such a case the presumption is that she does so as the agent of the husband, whose duty it is to supply such things. It cannot be supposed that because she accepts and uses articles purchased by her husband knowing them to be not paid for, she thereby agrees to pay, for she is entitled to presume that her husband has purchased them upon his own credit, and to consider the purchase his, and not hers at all. If the authority of another be relied upon to thus bind her, the facts conferring such authority should be very plain and positive."

It follows, therefore, that Mrs. Jordan, who was a married woman and so known to the opposite parties, was not personally liable for the rent of the apartment. And the separate property of Mrs. Jordan, involved in this suit, was not subject to the statutory innkeeper's lien if its separate character was known to the manager of the apartment at the time it was brought there. As the only testimony on this question of knowledge was that of Mrs. Jordan, a party to the suit, there was a question of fact to be submitted to the jury.

[2] The question as to whether the apartment house was such an inn, boarding house, or hotel as to give rise to the innkeeper's lien provided by articles 4594–4596, Revised Civil Statutes of Texas (1925), is, also, under the state of the record, a question for the determination of the jury.

The judgment is reversed, and the cause is remanded.

### On Motion for Rehearing.

■ The majority are of the opinion that the separate property of the wife, under the state of facts shown, would be subject to the statutory innkeeper's lien, if the apartment house was an inn, boarding house, or hotel, within the meaning of the statute. Kieffer v. Keough (Tex. Civ. App.) 188 S. W. 44.

All concur, however, in the original disposition of the cause, upon the ground that the evidence raised an issue of fact as to whether this apartment house, as operated

by appellees at the time, was "a place where the business was to furnish lodging to all who apply and pay therefor."

The motion for rehearing is overruled.