## WOODMEN OF THE WORLD LIFE INS. SOC. v. BROWN et al.

### No. 14404.

Court of Civil Appeals of Texas.
Fort Worth.
July 10, 1942.

Doss & Overshiner, of Abilene, for appellant.

Smith & Smith, of Anson, for appellees.

McDONALD, Chief Justice.

This suit is based upon a policy of insurance upon the life of Harry M. Smauley. A full statement of the facts involved, and of the terms of the policy, may be found in the opinion of the Eastland Court of Civil Appeals, written upon a former appeal of the case. Woodmen of World Life Ins. Soc. v. Smauley, 153 S.W.2d 608.

The beneficiary named in the policy recovered judgment in the court below, upon verdict of the jury. The judgment having been rendered less than five days before the end of the term of court, no motion for new trial was required, and none was filed. Rule 324, Rules of Civil Procedure. Appellant relies upon five points for reversal.

The first point presents the defense of accord and satisfaction, based upon the fact that the beneficiary received the sum of $997.30, and executed a purported release. While appellant argues that the additional evidence relating thereto, introduced upon the second trial, establishes the defense of accord and satisfaction, we are clearly of the opinion that, for the reasons

and under the authorities cited by the Eastland Court upon the former appeal, the point is without merit.

By the second point appellant contends that the verdict is insufficient to support the judgment rendered for the reason that there is no finding by the jury that the insured's death was caused by accidental means. As shown by the opinion of the Eastland Court, the deceased was struck by one Gloyd McCluskey and was felled to the ground, where his head hit the concrete sidewalk. It is undisputed that he died within about four hours. The jury, in answer to the four special issues submitted to them, found, (a) that McCluskey did not intend to strike Harry M. Smauley, (b) that McCluskey, at the time he struck Harry M. Smauley, believed him to be J. P. Smauley, a brother of the deceased, (c) that Harry M. Smauley died from the injury inflicted by Gloyd McCluskey, and (d) that $250 would be a reasonable attorney's fee. The blow, in the light of the jury findings and of the rule of law herein announced, must be classed as an accidental injury. The jury found that the insured died from such injury. Appellant made no objection to the form of the issues submitted, nor did it request the submission of any other issues. We consider that the verdict as a whole is sufficient to constitute a finding that the insured's death resulted from accidental means, within the meaning of the provisions of the policy.

By its fifth point, appellant urges that the evidence is insufficient to support the finding of the jury that the insured died from the injuries inflicted by McCluskey. The point seems to be based, in part at least, upon the fact that the doctors who attended the insured at the hospital did not testify. It is not necessary to review the evidence in this respect, further than to say that the insured was rendered unconscious by the injury, and died within about four hours, without having regained consciousness. The evidence is amply sufficient to support the verdict.

The third point is to the effect that if the evidence establishes that death resulted from the blow struck by McCluskey, that it then establishes without dispute that the death resulted from intentional injury inflicted by another.

There are certain clauses in the policy which provide exceptions to the provision for payment of double indemnity in case of death occurring from accidental means, one of the clauses of exception reading as follows:

"This benefit does not cover  *  *  * death resulting from any violation of law, or from injury intentionally inflicted by another.  *  *  *"

The beneficiary contends that this exception is not applicable, on the ground that McCluskey intended to inflict the blow upon the deceased's brother, and not upon the deceased. In 8 A.L.R. 322, and in 26 A.L.R. 129, may be found annotations of authorities upon the question at issue. In the first annotation cited it is said by the editor:

"Provisions of accident policies excluding or limiting liability in case of injuries intentionally inflicted upon the insured are generally held inapplicable where the insured is injured or killed by one who mistakes him for another person."

There is a split of authority upon the question, as is evidenced by the cases cited in the annotations referred to, and by the following cases: Harper v. Jefferson Standard Life Insurance Co., 119 W.Va. 721, 196 S.E. 12, 116 A.L.R. 389; Wildblood v. Continental Cas. Co., 182 La. 202, 161 So. 584; Kansas City Life Ins. Co. v. Nipper, 174 Okl. 634, 51 P.2d 741.

We consider that our Supreme Court has indicated its preference for the majority view, as stated in the A.L.R. annotation, by referring to it as the "settled rule". Walters v. Great Nat. Life Ins. Co., 132 Tex. 454, 124 S.W.2d 850. We refer to the cases cited, without undertaking to repeat the reasons and authorities therein shown.

By its fourth point appellant urges that the finding of the jury that McCluskey did not intend to strike the insured is against the great weight and preponderance of the testimony. The testimony is at least conflicting. McCluskey testified that he mistook the insured for the younger brother of the insured. His testimony alone is enough to support the verdict.

The judgment of the trial court is affirmed.