## BYRD et ux. v. FEILDING.
### No. 6138.

Court of Civil Appeals of Texas. Amarillo.
Feb. 19, 1951.

Rehearing Denied March 26, 1951.

Simpson, Clayton & Fullingim, Amarillo, for appellants.

Cooper & Finney, Amarillo, for appellee.

MARTIN, Justice.

Appellants, L. H. Byrd and wife, Ruth L. Byrd, were the owners and operators of the Victory Hotel. Appellee, Norris Feilding, and wife, had rented a room situated on the same lot with the Victory Hotel; this room was in a separate cabin apart from the hotel building. Appellee became delinquent as to his rental in the amount of $30 as to the room he occupied. His rental was payable $7.50 per week. Appellant, Ruth L. Byrd, went in the room occupied by appellee and took appellee's personal belongings and one Pekingese dog about three

months old. Appellants, on a trial of the cause, alleged that as proprietors of a hotel they held a lien on this property under Article 4594, R.C.S. But, appellants took no steps as to a sale of the property under the alleged lien. Appellee alleged that he tendered the rent as due and demanded the return of his property but that appellants refused the rent and held his clothing and Pekingese.

The case was tried before a jury. The court submitted one special issue as to whether the room occupied by appellee was a part of a hotel or inn. Appellants complain on this appeal of the submission of this issue by the trial court. The court also submitted five issues requested by appellants and two issues requested by the appellee. Upon the jury's findings, the court granted a judgment permitting appellants the recovery of $45, which item was offset against the sum of $150 exemplary damage awarded appellee by the jury. Appellee also recovered judgment for his personal property and Pekingese.

Judgment was rendered two days prior to the end of the term of court. A motion for new trial was filed during the term and an amended motion filed after term time and overruled. Appellants assign six points of error and under a seventh point allege there was no error in their filing an amended motion for a new trial after the term of court had ended. Appellants' points will be considered in the order of their filing, after point 7 is disposed of. Appellee's counterpoints are disposed of in the rulings on appellants' points.

Appellants' Point 7 is an answer to the appellee's contention that an amended motion for new trial could not be filed after term time and therefore no jurisdiction was acquired by the appellate court.

■ Rule 324, Texas Rules of Civil Procedure, requires the filing of a motion for a new trial with certain exceptions. One of the exceptions is, "unless there is not full five days' time from the rendition of the judgment to the adjournment of the court for the term." Under this provision, it has been held that no motion for a new trial is required in order to appeal. Woodmen of the World Life Ins. Soc. v. Brown et al., Tex.Civ.App., 164 S.W.2d 190. Where motion for a new trial is not required, as where judgment is rendered within five days before adjournment of the court term, the points in appellants' brief are sufficient to point out the errors on which the appeal is predicated. DeBusk et al. v. Guffee et al., Tex.Civ.App., 171 S.W.2d 194.

As no motion for a new trial was required under the rules, the appeal would not be prejudiced by the filing of such a motion during term time and the amendment of the same after the term had closed.

■ Appellants' Points 1 and 2 will be considered together as both relate to the alleged error of the trial court in submitting appellee's requested Issues Nos. 1 and 2 pertaining to exemplary damage and as to rendering judgment against appellants in favor of appellee for the sum of $150 exemplary damages. Appellee recovered judgment for his specific items of personal property, but it is observed that there was no alternative provision in the judgment authorizing the recovery of the value of each item of property as not delivered under the judgment. There is no evidence in the record as to either the cash market value or as to the intrinsic value of the respective items of property taken from appellee.

The above points involve the sole question of whether exemplary damages can be recovered in the absence of a recovery of actual damage. The Supreme Court of Texas holds "There can be no recovery of exemplary damages in the absence of a recovery of actual damages. A verdict of nominal actual damages is not sufficient." Fort Worth Elevators Co. v. Russell et al., 123 Tex. 128, 70 S.W.2d 397, 409.

The authorities cited by appellee do not permit the recovery of exemplary damages predicated solely on the recovery of property wrongfully converted. Smith v. Sherwood, 2 Tex. 460, shows a recovery of actual damage. The court found error in the jury's awarding of damage in excess of actual damage. Lesk v. Pollard, 1 White & W. Civ.Cas.Ct.App. 47, merely states the general rules as to exemplary damage. Cole v. Tucker, 6 Tex. 266, shows a re-

covery of actual damage, and the court held that an issue as to exemplary damage was also made and reversed the case. Steinberg v. Morgan, Tex.Civ.App., 300 S.W. 253, on page 256, does contain the following statement as to recovery of exemplary damages: "it is not material to the application of this rule whether the action is for the value of the property or for the recovery of the property itself. 17 C.J. 890."

This statement coincides with the appellee's theory, but it is further observed that in Steinberg v. Morgan the court submitted to the jury the question of fair cash market value of each of the items of property. Although the court set aside the jury's verdict, it entered a judgment for the cash market value of each item of property and decreed that the defendants could discharge the judgment as to any item of property by delivery of the same undamaged to the sheriff. In the cause here in issue the judgment does not show the value of separate items of property. Also, there was no proof and therefore no jury issue as to the value of the items of property in this cause.

An examination of the above authorities cited by appellee, as well as a study of many authorities on the principle of exemplary damages, does not disclose any departure from the well recognized rule that there can be no recovery of exemplary damages in the absence of recovery of actual damage. The judgment is in error in permitting a recovery of exemplary damage in the absence of recovery of actual damage. The issue of exemplary damage should not have been submitted to the jury in the absence of proof of actual damage.

Appellants' Points 3, 4, 5 and 6 complain of the submission to the jury of the issue of whether the room rented to appellee was a part of a hotel or inn. Appellants assert that the uncontradicted evidence established the rented premises as an inn or hotel. An answer to this issue resolves the question of whether or not appellants have a lien on appellee's apparel and dog. The jury answered this issue adversely to the appellants.

Appellants made no objection in the trial court as to the submission to the jury of the issue as to whether the room occupied by appellee was a part of a hotel or inn. It is further observed that the trial court in its instruction to the jury as to "hotel or inn" used language almost identical to that as used by appellant, Ruth L. Byrd, in her testimony on the trial of the cause, "We furnish rooms to all persons desiring to pay therefor."

The courts have held that the question of whether a person hiring rooms is a lodger or is a tenant depends upon the intention of the parties as evidenced by the contract of hiring. If the hirer is to have the exclusive possession of the premises as against the owner, an estate in the land is transferred and he is a tenant. Brown v. Johnson, 118 Tex. 143, 12 S.W.2d 543. An examination of authorities sets forth the following rules: Proof that the owner cares for the rooms, retains a key to the rooms, or resides on the premises in the course of a business of hiring out rooms, indicates a lodging contract; whereas, a showing that the hirer exercises complete control over the rooms indicates a lease.

Evidence as to the nature of the occupancy of the premises and as to the surrounding elements make an issue of facts as to whether appellee was a guest in a hotel or was merely a tenant in complete possession of rented premises. Under the record here, the question as to whether the room occupied by appellee and his wife was a part of a hotel or boarding house was an issue for the determination of the jury. Jordan et al. v. Junkin, Tex.Civ.App., 83 S.W.2d 1045 (second case).

There was no objection in the trial court to the issue as submitted. Under the evidence, the court was authorized to submit such an issue for determination by the jury.

Because of the errors in the record as pointed out hereinabove and the failure to develop any evidence to support items of damage shown in the trial court's judgment, the same is reversed and the cause remanded for a new trial.