Dean HEIL et al., Appellants,

v.

Sammy Neal RUDD, Appellee.

No. 6601.

Court of Civil Appeals of Texas.

Amarillo.

May 21, 1956.

Rehearing Denied June 18, 1956.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

Richards & Richards, Dalhart (Robert C. Ferguson, Jr., Dalhart, of counsel), for appellee.

MARTIN, Justice.

Appellee, Sammy Neal Rudd, sued appellants, Dean Heil, Jack Heil, and John Heil, a co-partnership, seeking damage for injuries he received while working as a ranch hand for appellants. Some of the appellants' steers were in a neighbor's pasture and the appellee loaded a horse in a stock trailer owned by appellants, hauled the horse to the pasture where the steers were located, drove them back on the defendants' pasture, reloaded his horse and began the return trip to the ranch. On this return trip a hinge on the trailer gate broke. Appellee wired the trailer gate to the trailer and completed the return to appellants' ranch headquarters. After unsaddling his horse, appellee procured a hammer and chisel from the ranch shop and began chipping the weld off the broken trailer hinge so that the hinge could be welded. A sliver of metal came from some place and struck the appellee in the eye. As a result of being struck by this sliver of metal, appellee lost the vision of his left eye.

There is no evidence in the record to establish whether the sliver of metal came from the hinge, from the chisel or from the hammer. The jury found in favor of the appellants with respect to whether appellee's injury was proximately caused by the hammer or the chisel. The jury also found for appellants as to the alleged failure of the appellants to furnish goggles for appellee's use in the shop work. The jury found that appellants had furnished appellee for use in his employment a stock trailer on which there was a hinge which had been broken and rewelded on more than one prior occasion. The jury found that such rewelding caused the hinge to be subject to breaking and splintering. The jury also found that the furnishing of such trailer was negligence and that such negligence was the proximate cause of appellee's injury. There was no issue submitted, and thus no finding by the jury, that the rewelded hinge broke or splintered while appellee was using the chisel thereon. On motion of appellee, the trial court disregarded certain answers of the jury and on

the remaining answers in the verdict entered judgment for appellee in the sum of $12,985.50. The appellants perfected an appeal presenting eight points of error.

■ Appellants' first point of error asserts there is no duty owing by an employer to an employee with respect to a condition which it is an employee's duty to repair. On this issue the record reveals that appellant, Dean Heil, testified, without such testimony being denied, that the repair of the hinge was part of appellee's duty as a ranch hand. Appellee's own testimony reveals the following undisputed facts:

"Q. And, there isn't anything too unusual about something breaking out on a farm or a ranch? A. No, sir.

"Q. And, when it breaks, why, if it is something you can fix—the cowboy or farm hand that is there fixes it, does he not? A. Not any welding, sir.

"Q. You weren't welding, you were just preparing it for welding? A. Right.

"Q. And there was nothing unusual about what you were doing there, is there? A. No, sir."

Since it was the duty of appellee as a general ranch hand to prepare the hinge for welding, no liability attached to appellant by reason of the injury appellee received in so repairing the hinge. Appellants' first point of error is sustained. 56 C.J.S., Master and Servant, § 250, p. 1005; City of Teague v. Radford, Tex.Com.App., 63 S.W. 2d 376; City of Timpson v. Powers, Tex. Civ.App., 119 S.W.2d 145; Deloache v. Newton, Tex.Civ.App., 284 S.W.2d 242.

■ Appellants' fourth, fifth and sixth points of error assert that the trailer as furnished to appellee was not the proximate cause of the accident. On this issue it is appellants' contention that the injury to the plaintiff was not caused by his use of the trailer in the manner for which it was supplied and therefore the trailer itself, as

a matter of law, was the remote as distinguished from the proximate cause of the accident. The record on the issue reveals that the trailer was merely used by appellee as a matter of convenience to himself. He preferred to use the trailer rather than to ride the horse approximately two miles to round up appellants' cattle. The record does not establish whether the hinge in issue was broken by the horse kicking while in the trailer or whether the hinge broke by reason of being defective. But, the record reveals, without controversy, that the injury to appellee was not proximately caused by appellee's use of the trailer in the manner for which the trailer was supplied by appellants. The evidence reveals that appellee's injury was solely caused by his fulfilling his duty of repairing the hinge on the trailer. At most, the trailer was the remote rather than the proximate cause of appellee's injury. Appellants' fourth, fifth and sixth points are sustained. Texas Jurisprudence, Vol. 30b, Negligence, Sec. 46, p. 227; Seale v. Gulf, Colorado & Sante Fe Ry. Co., 65 Tex. 274; Panhandle & S. F. Ry. Co. v. Sledge, Tex. Civ.App., 31 S.W.2d 146; Dallas Ry. & Terminal Co. v. Archer, Tex.Civ.App., 167 S.W.2d 290; Phoenix Refining Co. v. Tips, Tex.Com.App., 125 Tex. 69, 81 S.W.2d 60.

■ The trial court submitted to the jury Special Issue No. 14. Section A of such issue inquired as to the following fact:

"A: Do you find from the preponderance of evidence, if any, that immediately before the accident plaintiff was as well situated as the defendants, and each of them, to discover the condition of the hammer, chisel and hinge in question?"

The jury answered this subdivision A, "No." Following the jury's answer to subdivision A, they found under subdivision B and C of issue 14 that the appellee voluntarily used hammer and chisel in working upon the hinge and that such use proximately caused appellee's injuries. Appellants under their Point of Error 7 assert there is no evidence in the record to sustain the jury's finding that plaintiff was not as well situated as defendants to discover the condition of the hammer, the chisel and the hinge in question.

Appellants correctly point out there is no evidence to sustain the finding of the jury to Issue 14–A as quoted in the paragraph above. Dean Heil testified, without such testimony being controverted, that he did not know the hinge was made of spring steel. Appellee testified he thought the hinge was made of spring steel off an old spring out of a car or something and that it had been welded and he was chiselling the old weld off it at the time of his injury. Appellant placed on the witness stand Robert Jacobs, who was an expert in the field of welding and also as to the types of steel and metal used in hinges made like the one in issue. This witness testified the hinge was made of spring steel and also testified as to its characteristics after it had been welded. But, the fact that this witness testified as an expert that the hinge was made of spring steel would not be binding on appellants or appellee as to their knowledge of the type of metal in the hinge or as to the fact it would shatter or splinter after being welded. Since the undisputed evidence reveals that appellee was situated as well as the appellants to know the condition of the hinge and the type of metal therein and its characteristics after being welded, appellants can not be held liable for the injury to appellee by reason of his working on the hinge in issue. Houston & Texas Cent. Ry. Co. v. Conrad, 62 Tex. 627; Texas & P. Ry. Co. v. Bradford, 66 Tex. 732, 2 S.W. 595; St. Louis Southwestern Ry. Co. of Texas v. Hynson, 101 Tex. 543, 109 S.W. 929; Shawver v. American Ry. Express Co., Tex.Civ.App., 236 S.W. 800, writ refused; Patton v. Dallas Gas Co., 108 Tex. 321, 192 S.W. 1060.

■ On the above issue appellee asserts in his original brief that the proposition presented in Special Issue No. 14–A, B and C, asserted to present error by appellants' point seven, is not in fact an issue as to assumed risk as contended by appellants in their brief. Appellee, under his

first and fifth counterparts, in a supplemental brief on the issue, further asserts: "* * * since the hinge had been broken and re-welded on more than one prior occasion, special issues Nos. 4 and 5, and was therefore, subject to breaking and splintering, this being a latent defect which the plaintiff Rudd could not observe, he did not assume the risk of a defect of which as he had no knowledge." It does not appear to be material in this appeal as to whether the issue is defined as one concerning the principle of assumed risk or is one pertaining to an employer's liability for latent defects in instrumentalities furnished to his employee. Since appellee concedes the defect is a latent defect, which fact is established by the undisputed evidence, the law applicable to such fact requires the sustaining of appellants' point seven. The applicable principle of law is found in Texas & N. O. R. Co. v. Sarver, Tex.Civ.App., 113 S.W.2d 317, Syls. 3–5, 319, writ refused.

"The rule is well settled that an employee assumes the risk of latent defects, of which the master did not know and which could not be discovered in the exercise of ordinary care." (Citing many authorities.)

Also see DeLoache v. Newton, supra, Syl. 3 and authorities cited there. Appellants' seventh point of error is sustained.

Since the cause must be reversed on the points hereinabove sustained, appellants' other points of error need not be discussed in detail. However, appellants' eighth point of error asserts a material issue; "Since it is not known what caused Plaintiff's injury, that is, the hammer, the chisel or the hinge, and Plaintiff had no cause of action with respect to the hammer or the chisel, he cannot recover because of the equal inference rule." The jury findings absolved appellants from any liability by reason of the hammer and chisel as used by appellee. Therefore, under the equal inference rule, appellee was required to establish that his injury was proximately caused by a sliver of steel which came from the alleged defective hinge. He did not meet this burden since it could be equally inferred from the evidence in the record that the sliver of steel came from either the hammer, the chisel or the hinge. Appellants' eighth point of error is sustained. Bowles v. Bourdon, 148 Tex. 1, 219 S.W.2d 779 Syl. 7, 13 A.L. R.2d 1.

The judgment of the trial court is reversed and judgment is rendered that appellee take nothing by his cause of action.