**Geraldine Hurley GLASGOW et vir, Appellants,**

v.

**Charles W. HURLEY, Appellee.**

No. 15586.

Court of Civil Appeals of Texas.

Dallas.

Feb. 19, 1960.

Rehearing Denied March 18, 1960.

Allen Melton and George M. Elliott, Dallas, for appellants.

James F. McCarthy, Dallas, for appellee.

DIXON, Chief Justice.

On June 10, 1958 in Juvenile Court, Dallas County, Texas, appellee Charles W. Hurley, complaining of appellants Geraldine Hurley Glasgow and her husband, James E. Glasgow, filed what he designates as a "motion for modification of the court's order and reduction of child support." In his motion appellee says that the order he seeks to modify is one of October 11, 1956 by Judge Sarah T. Hughes, then acting as Juvenile Judge. He makes no mention of

an order regarding custody by Judge Dallas Blankenship of April 11, 1958, only one month prior to the filing of appellee's motion in this case.

On September 24, 1958 the court rendered judgment sustaining appellee's motion in part, the effect of which judgment, as we view it, was to change the custody judgment rendered by Judge Blankenship on April 11, 1958.

Charles W. Hurley and Geraldine Hurley were formerly husband and wife. During their marriage four children were born to them. The parents were divorced in 1954. At the time of the divorce the four children were awarded to the mother. Since that time custody of the oldest boy has been changed to the father. This appeal involves only two of the boys, twins, who were about eleven years old at the time of the trial.

On September 15, 1955 the mother married James E. Glasgow. The father has not remarried.

In earlier custody orders appellee had been allowed visitation privileges with the two boys from 9:00 o'clock a.m. to 9:00 o'clock p.m. on the first Saturday of each month, and two weeks each year during summer vacation.

In his pleading filed June 10, 1958 appellee sought to have his so-called visitation privileges extended so as to include 7:00 p.m. on Friday until 9:00 p.m. on Sunday of each week, also to include one week during each Christmas vacation, and to include two months during each summer, to-wit: July and August of each year. On August 5, 1958 the court rendered a judgment, signed September 24, 1958, which did not grant appellee's motion in full but did greatly modify the previous order of the court in regard to visitation and custody. Among many changes the new order provides that appellee, instead of having the custody of the children for two weeks each summer, shall have them for four weeks; and instead of having part of one Saturday each month, he shall have them over the week end once each month.

■ Appellants' first and second points complain of the alleged action of the court in overruling their motion for continuance. They allege that the Judge of the Juvenile Court disqualified himself and designated Judge Dallas Blankenship to try the case, but when they went to Judge Blankenship's court they found another Judge sitting for Judge Blankenship. Appellants then orally asked for a postponement until Judge Blankenship himself could try the case, since he had heard a great deal of testimony at a previous custody hearing in April 1958.

Appellants' first and second points are without merit for three reasons. First: the grounds urged are not sufficient to require a continuance. Second: the record does not contain any order or evidence showing that the Juvenile Judge, in sending the case to the 101st District Court, specified that Judge Blankenship personally should try the case. Third: appellants' counsel complained orally about being put to trial under the circumstances, but no written motion for continuance was filed. Rule 251, Texas Rules of Civil Procedure. Hobbs v. Grant, Tex.Civ.App., 314 S.W.2d 351; Starks v. Williams, Tex.Civ.App., 282 S.W.2d 898. Appellants' first and second points are overruled.

■ In their third, fourth, fifth and sixth points appellants contend that all custody questions involving conditions prior to April 11, 1958 are res judicata because of a custody judgment rendered on that date by Judge Blankenship in the 101st District Court. Judge Blankenship in passing upon an application of appellee Charles W. Hurley, refused to change a previous order awarding custody of the twins to appellants. Appellants further contend that since appellee has failed to show a change in conditions since April 11, 1958 it was error to render the judgment of September 24, 1958, here appealed

from, which amounts to a change in the custody of the twins.

In reply to appellants' contention appellee argues (1) that in his motion he sought, and the court's judgment of September 24, 1958 allowed merely a change in visitation privileges, not a change in custody; and (2) that Judge Blankenship's order of April 11, 1958 was entered in a hearing on motion to quash a temporary injunction and could not have involved the question of custody because appellee's pleadings in that case did not ask for a change in custody.

We are unable to agree with appellee that his pleadings and the judgment here appealed from involve only a mere change in visitation privileges and not a change in custody. We shall not attempt to point out the exact dividing line distinguishing a change in visitation from a change in custody. But we have no doubt that this case involves a change in custody and not a mere change in visitation privileges regardless of the terminology used in appellee's pleadings and in the judgment. In his pleadings appellee asked that instead of having the boys in his care and custody only part of one day each month and two weeks each summer, the order be changed so that he could have the boys in his care and custody each week from 7:00 o'clock p.m. on Friday until 9:00 o'clock p.m. on Sunday, and that he have them for a week every year at Christmas time and for two months every summer. Though appellee did not obtain all that he pled for, the judgment did grant him a substantial modification of the last custody order. Call it by what name you will the substance and effect of appellee's pleading and of the judgment is to modify custody.

Neither can we agree with appellee when he says that Judge Blankenship's judgment of April 11, 1958 did not adjudicate the question of custody. The record before us does not contain a copy of the pleadings in the case tried by Judge Blankenship, so we cannot pass on the adequacy of the pleading to raise the issue of custody. But

the record does contain a copy of Judge Blankenship's judgment. We quote material parts of it:

" * * * whereupon the court proceeded to hear the pleadings, evidence and argument of counsel, and after hearing the evidence presented by Plaintiff, and prior to the Defendants presenting any of their evidence in defense, the court became of the opinion and so finds that *there is insufficient evidence, before the court to require a change of custody of the minor children, Michael Bartholomew Hurley and Timothy Mitchell Hurley,* and thus finds the Defendant's motion to dissolve the Temporary Restraining Order, heretofore granted, is proper and in order and should be sustained.

"It Is Therefore, Ordered, Adjudged and Decreed by this court that the Defendant's motion to dissolve the Temporary Restraining Order, issued by this court on the 5th day of April, 1958, be, and the same is hereby sustained, and the Plaintiff, Charles W. Hurley, is hereby ordered to return the minor children, Timothy Mitchell Hurley and Michael Bartholomew Hurley immediately to the defendant, Geraldine Hurley Glasgow, forthwith, *and custody of said minors shall continue in the said Geraldine H. Glasgow.*

"It Is Further Ordered, Adjudged and Decreed that the order of Judge Sarah T. Hughes, Judge of the 14th Judicial District Court, sitting as judge in the Juvenile Court of Dallas County, Texas, in cause numbered 12633-A/J, shall remain in full force and effect, as entered on the — day of October, 1956." (Emphasis ours.)

█ █ It is evident from the above excerpt from the judgment that Judge Blankenship heard evidence and passed on the custody issue. There being nothing in this record to the contrary, we must assume that the court's judgment was supported by the

pleadings in that case. Holloway v. Hall, Tex.Civ.App., 151 S.W. 895 (Syl. 3). But whether the pleadings were adequate or not, no appeal from Judge Blankenship's judgment is shown to have been taken, and appellee will not be permitted on this appeal to raise questions which were adjudicated by the judgment of April 11, 1958. Cities Service Oil Co. v. Green, Tex.Civ.App., 251 S.W.2d 906, 910.

■ We hold that Judge Blankenship's judgment rendered April 11, 1958 and signed May 16, 1958, is res judicata of conditions affecting custody of these boys prior to April 11, 1958. We hold also that the present action, filed by appellee, June 10, 1958, in which judgment was rendered on August 5, 1958, and signed September 24, 1958, is an action seeking to change or modify Judge Blankenship's custody order. It follows then that in order to prevail in this case it is necessary for appellee to plead and prove that conditions had so materially changed since April 11, 1958 as to render it to the best interests of the two boys to set aside or modify the decree of that date. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Doherty v. Doherty, Tex. Civ.App., 279 S.W.2d 690.

Appellee neither pled nor proved any change in conditions affecting custody in the month transpiring between April 11, 1958 when Judge Blankenship rendered his judgment, and June 10, 1958 when appellee filed the present action, or August 5, 1958 when judgment was rendered in this action. He contends that in his petition he merely sought to change visitation privileges, consequently it was not necessary to allege or prove changed conditions. In his pleadings he refers to the prior order of September 24, 1956 but he omits any reference to Judge Blankenship's order of April 11, 1958. In his brief he declines to recognize the order of April 11, 1958 as a custody order. We have reached a contrary conclusion.

We sustain appellants' third, fourth, fifth and sixth points.

In their seventh, eighth, ninth and tenth points appellants complain because the trial court declined to hear testimony from the two children who are the subjects of this controversy, declined to consider a transcript of their testimony before Judge Blankenship, and rendered judgment which appellants assert amounts to a judgment for split custody. In view of our sustaining appellants' third, fourth, fifth and sixth points, we see no need to pass on the seventh, eighth, ninth and tenth points.

This is one of a series of actions filed by appellee respecting the care and custody of the children of his marriage with appellant Geraldine Hurley Glasgow. He brought an action in September 1955. He brought another action in 1956 which was tried by Judge Hughes. He brought still another action in 1958 which was tried by Judge Blankenship. Then one month later he brought this action. It is indeed regrettable that appellants and appellee cannot reach an understanding regarding their children without a succession of bitter court fights. Frequent hearings as to custody of minors cannot have other than a bad effect on the minors. Certainly the law frowns on such frequent hearings. Leonard v. Leonard, Tex.Civ.App., 218 S.W.2d 296; Fearson v. Pearson, Tex.Civ.App., 195 S. W.2d 188.

Though we are reversing the trial court's judgment, we feel that it is only fair to commend Judge Jim C. Langdon, then Judge of the 112th District Court, now Chief Justice of the El Paso Court of Civil Appeals, for his sincere effort to bring about a better understanding between these warring parents. Judge Langdon was in Dallas by request sitting for the Judge of the 101st District Court. He did not select the case he was to try. It was selected by the Juvenile Judge to be sent to the 101st District Court for trial.

The record discloses a very bitter feeling between the parents. Their attitude towards each other is uncompromising even as to small details. In the face of this.

difficulty Judge Langdon addressed himself conscientiously and painstakingly to the problem, even to working out a most comprehensive and detailed schedule for the parents' observance in the care and custody of their children. Our reversal of the judgment implies no criticism of his fine effort.

The judgment of the trial court will be reversed and judgment here rendered that appellee's application be denied.

## On Rehearing

In one of his assignments appellee says that we erred in overruling his motion to dismiss this appeal, it clearly appearing in the record that appellants failed to present their motion for new trial to the court.

Rule 329–b, Sec. 4, Vernon's Ann.Civ.St. expressly provides that if a motion for new trial is not presented within thirty days it will be overruled by operation of law forty-five days after the date of filing thereof, unless disposed of by an order rendered before said date.

In another assignment appellee says that we erred in holding that appellee's suit was barred by the doctrine of res judicata, it clearly appearing that appellants did not assign the doctrine of res judicata in the motion for new trial.

There is no merit in appellee's contention. This was a non-jury trial. A motion for new trial was not a prerequisite to an appeal. Consequently appellant is not limited to the assignments of error in his motion for new trial. State v. Clement, Tex.Civ.App., 252 S.W.2d 587; Byrd v. Feilding, Tex.Civ.App., 238 S.W.2d 614; Aldridge v. General Mills, Inc., Tex.Civ. App., 188 S.W.2d 407; 3 Tex.Jur.2d 453, 461; Carborundum Co. v. Keese, Tex.Civ. App., 313 S.W.2d 332.

We have considered all of the assignments in appellee's motion for rehearing. The motion is overruled.