## M. J. P. SICKLES ET AL. v. W. L. WHITE ET AL.

### (Case No. 5699.)

1. TRANSFER OF LAND CERTIFICATES—See opinion for charge on vestiture of title to land certificates held to furnish no ground of complaint.
2. NOTICE—CHARGE—See statement for charge upon the subject of notice held correct.

APPEAL from Wise. Tried below before the Hon. F. E. Piner.

This was an action of trespass to try title, the appellants being plaintiffs. Their claim was based upon (1) a transfer by will, August 26, 1844, by L. B. Henderson, the assignee of the original grantee of the certificate to Mary G. Herndon; (2) patent to L. B. Henderson, January 26, 1858, recorded in 1860; (3) a sale of the certificate by Mary G. Herndon and her husband, prior to its location in 1850, to Ashley Parker, who had it located upon the land in controversy; (4) a conveyance of the land by Parker to C. A. Bulkley, dated July 1, 1861; (5) conveyance of the land by Bulkley to J. W. Haynes, February 7, 1862; (6) conveyance of the land by J. W. Haynes to M. J. P. Haynes, one of the plaintiffs.

The defendants relied upon conveyances from the heirs of Mary G. and Bhomas N. Herndon, claiming that the former received the land through the will of Henderson, and asserted that they were innocent purchasers. Upon the subject of notice, the court charged the jury: "The defendants in this case seek to resist the title of plaintiffs upon the ground that they are innocent purchasers for a valuable considera-

tion, without notice of plaintiffs' claim. The jury will determine from the evidence (1) whether or not defendants purchased the land; (2) whether or not they paid a valuable consideration; (3) whether or not any or all of the defendants had notice of plaintiffs' claim. Notice may be either actual or constructive   Constructive notice is a conclusive presumption, or presumption of law, which arises from certain facts proven to exist, as for instance, the proper and legal registration of a deed in the county where the land lies. Actual notice exists when knowledge is actually brought home to the party to be affected by it, or where he might, by the use of reasonable diligence, have informed himself of the existence of certain facts. The question of notice is a question of fact to be determined by the jury from all the facts and circumstances given in evidence before them on this subject. You are charged that any information which was sufficient to have put a prudent man upon inquiry, will be regarded as notice, if it was of such a character that he might have ascertained the facts by the use of proper diligence. Whether such notice was brought home to either or all of the defendants, and, if so, they used the proper diligence to ascertain the facts, are questions of fact for the jury to determine from the evidence. Notice brought home to an attorney or agent of a party in regard to a particular transaction in which he is empowered to act, is equivalent to notice to the party himself.'' The trial resulted in a verdict and jugdment for defendants.

L. A. Crane and H. D. Donald, for appellants, cited : 45 Tex., 566; 50 Tex., 174; 28 Tex., 247; 13 Tex., 94; Id., 143; 17 Tex., 206; 28 Tex., 371; 24 Tex., 488.

H. C. Furguson and J. W. Patterson, for appellees, cited : R. S., 4334; 22 Tex., 378; 23 Tex., 443; 47 Tex.. 456; 2 Tex., 488; 17 Tex., 149; 23 Tex., 447; 29 Tex., 222.

STAYTON, ASSOCIATE JUSTICE—The appellants claim under a transfer of the certificate, by virtue of which the land in controversy was granted, claimed to have been made prior to the issue of the patent, and the appellees claim through a regular chain of title from the patentee to themselves. There was some controversy as to one of the transfers of the land certificate through which the appellants claim, and, in view of that fact, the court below informed the jury that title to the certificate would pass by written transfer or by verbal sale, and further, that title thereto might be acquired by an adverse holding for two years; that, by any of these methods, title to the certificate, as between its true owner and the claimant, would pass.

This was certainly all the appellants could ask, and it is unnecessary, in this case, to inquire whether or not one, by adverse possession of a land certificate, can there by acquire any right to land which may be subsequently acquired through it. There was nothing in the charge from which the jury could have understood the court to inform them that a transfer of the certificate in any of the modes pointed out would not be valid as to all persons. If the charge as to vestiture of title to the certificate by two years adverse possession was not correct, this is a matter of which the appellants cannot complain, for the charge, in so far, was in their favor.

The real and vital question in the case was whether, admitting that the appellants were the owners of the certificate with which the land was located, there existed facts which gave to the appellees notice of the right of appellants to the land by reason of the ownership of the certificate under which it was granted. The record shows that the land was patented to Logan B. Henderson, who, by will, duly probated, gave the certificate on which the patent issued to Mary G. Herndon; and the defendants assert title to the interest in the land claimed by them through conveyances made by two of her children subsequently to her death.

The conveyances through which the appellees claim were made for valuable consideration, and they claim without notice of any right the appellants may have had by reason of the transfer of the certificate by Mrs. Herndon, before it was located, to a person through whom appellants claim. The charge of the court as to what would amount to notice, and as to its effect upon the rights of the parties, is full and fair, and there was no error in the charge, under the evidence, in that the jury were instructed to look to all the evidence, and therefore to determine, as they would any other fact, whether the appellees had notice of any right or claim held or made by the appellants at the time they purchased.

There was no proof of any fact which would have justified the court below in instructing the jury that appellees were affected with notice of the right or claim of the appellants at the time they purchased.

On the contrary, it seems to us, from an inspection of all the evidence offered, that a finding upon this issue in favor of the appellants would not be supported. The brief of counsel urges that the evidence was not sufficient to show that Mary G. Herndon died before her children made the conveyances through which the appellees claim.

There is no assignment of errors, which raises this question; but, if there were, it seems to us that the evidence offered by the appellants

. and that offered by the appellees, without objection, was sufficient to establish that fact.   There is no error in the judgment and it will be · affirmed.

AFFIRMED.

[Opinion delivered May 4, 1886.]