**UVALDE CO. v. TRIBBLE et al.    (No. 7721.)**

Court of Civil Appeals of Texas. San Antonio.
March 2, 1927.

Rehearing Denied March 30, 1927.

1. Vendor and purchaser ⏴═⏵242—Purchaser has burden to show that he was innocent purchaser without notice of statutory paving lien.

Purchaser of property, against which there was statutory paving lien, *held* to have burden to show that he was innocent purchaser without notice of such lien.

2. Vendor and purchaser ⏴═⏵229(1)—Where *circumstances should put intending purchaser on inquiry, he is charged with notice that would result from such inquiry.*

Where evidence shows circumstances that should put intending purchaser on inquiry as to claims against property, law will charge such intending purchaser with notice that due and reasonable inquiry into such circumstances would obtain.

3. Vendor and purchaser ⏴═⏵231(13)—City ordinances are not permitted to be recorded, and unauthorized recording adds nothing to notice given by them (Rev. St. 1925, arts. 6626, 6627).

Ordinances of cities are not required or permitted to be recorded, and unauthorized recording will add nothing to notice given by them; in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6823, Rev. St. 1925, art. 6626, article 6627 being inapplicable to ordinances.

### On Motion for Rehearing.

4. Municipal corporations ⏴═⏵519(1)—Statutory paving lien held not waived by holder's failure to record personal lien.

Statutory lien for paving was not waived by failure of holder to record its personal lien, in view of authority given by city ordinance.

5. Vendor and purchaser ⏴═⏵229(5)—Facts held to put purchaser on inquiry, which, if followed up, would have shown paving lien, where paving was being done when he bought property.

Where purchaser bought property at time paving was being done, and saw such work being done, facts were sufficient to put him on inquiry, which, if followed up as reasonably prudent man should have done, would have shown that there was paving lien.

Appeal from District Court, Webb County; Robt. W. B. Terrell, Judge.

Suit by the Uvalde Company against C. C. Tribble and others. From the judgment, plaintiff appeals. Reversed and rendered in part, and affirmed in part.

Terrell, Davis, Huff & McMillan and E. W. Clemens, all of San Antonio, for appellant.

Thomson, Dilworth & Marshall, of San Antonio, for appellees.

FLY, C. J. Appellant instituted this suit against A. K. Garretson and wife, M. C. Garretson, C. C. Tribble, and F. M. Kuhn, to recover 'the sum of $433.84, alleged to be due on a paving certificate issued by the city of San Antonio, evidencing a special paving assessment made by said city against lots 1, 2, 3, and 4, new city block 3063, due and payable by the owner of said lots A. K. Garretson, for paving on which said lots abut, as well as attorney's fees amounting to $250.

Liens were claimed against said lots and their foreclosure sought. None of the defendants filed an answer except C. C. Tribble, who claimed to be a purchaser in good faith of the property from the Garretsons, without notice of any lien against it created by ordinance of the city of San Antonio or by the acts of said Garretsons in giving a lien on said premises. The court rendered a judg-

---

ment against Garretson and wife for the amount of the debt, but denied a foreclosure of the lien, and decreed that appellant take nothing as to C. C. Tribble, and F. M. Kuhn, not having been served, was dismissed from the suit.

It was agreed by the parties that the paving certificate sued on, being No. 8255, is valid and constitutes a lien on the property in question, unless the minutes of the city council showed its invalidity by reason of an insufficient hearing, that Garretson and wife had been the owners continuously, of the lots in question, at least since August 27, 1920, and that on November 26, 1920, Tribble entered into a contract of purchase with the Garretsons for the lots aforesaid. A paving contract was entered into on September 11, 1920, by and between A. K. Garretson and M. C. Garretson and appellant, which acknowledged a lien to exist on the property to secure the amount due for paving which had been assessed by the city against said property. The minutes showed that a proper hearing before the city government was given the Garretsons, and they at no time objected to the assessment. They gave a warranty deed to Tribble for the land on January 19, 1921. No instrument of any kind showing a lien against the lots for the amount due for paving was ever placed on file or recorded in the office of the county clerk of Bexar county before Tribble bought the property. The paving on the street was completed on January 6, 1921, and the paving certificate issued on that date. It was admitted that general notice was given in the Light, an evening paper in San Antonio, as to the ordinance requiring paving on the street on which the lots in question abutted, and the ordinance providing for the paving and creating the lien on the property was on file and of record in the city hall of San Antonio, and that the paving was being done at the time Tribble bought the lots. The city records also showed a contract by the city with appellant to pave the street of date August 27, 1920, and an inspection at that time of such records would have disclosed an assessment and lien against the lots of the Garretsons. It was also agreed that at least a week before November 26, 1920, work of paving the street in question was actually going on and was still in progress when the contract of sale was executed. It was agreed that Tribble went to see the lots and went over the street being paved.

[1] The paving was done by appellant and a lien fixed by the city under the city ordinance and approved and reaffirmed by Garretson and wife. They were bound both as to debt and lien on the property and the only question is, Was Tribble an innocent purchaser without notice, actual or constructive? It may be stated in this connection that the burden of showing that he was an innocent purchaser of the property devolved on appellee. That was his defense, and it was his duty to prove that defense. Appellant was claiming a statutory lien on the property, and, if appellee had no notice of such lien, it devolved upon him to prove it. Watkins v. Edwards, 23 Tex. 448; Oak Cliff College v. Armstrong (Tex. Civ. App.) 50 S. W. 610.

[2] The general doctrine is that whatever puts a party upon inquiry amounts, in law, to notice. A person intending to purchase real estate is held to the duty of exercising prudence and ordinary diligence in following up any fact or circumstance which would lead to knowledge or notice of some claim against the property intended to be bought. In other words, when the evidence shows circumstances that should put an intending purchaser on inquiry as to claims against the property, the law will charge such intending purchaser with the notice that a due and reasonable inquiry into such circumstances would obtain. Halbert v. Debode, 15 Tex. Civ. App. 615, 140 S. W. 1011; Morton v. Towell, 56 Tex. 643.

It is agreed by the parties:

"That approximately one week prior to the execution of the contract of purchase of the property made by appellee and the Garretsons, dated November 26, 1920, the said C. C. Tribble, in person, made an inspection of the said premises described in said contract and in said deed, and over the street, Greenwood court, in front of said property."

That examination was made while the paving was being done, for which the certificate was afterwards given, and the conclusion is irresistible that appellee must have known that the street was being paved; he must have known that no one else could authorize that paving except the city government; he was charged with the knowledge that a part of the cost of the paving would be assessed by the city against abutting property owners, and that the effect of such assessment would be to fix a lien upon such property for the amount of the assessment. All this should have put any reasonable man upon inquiry as to the debt and lien against such property. He did not testify that he did not know that the street was being paved when he contracted for the property, and all of the circumstances point to the inevitable conclusion that he knew that the work was being prosecuted on the street and that he disregarded the urgent call to make inquiry about a paving lien. While it may not be true, as claimed by appellee, that the fact that work is being done on a street is sufficient, as a matter of law, to put a person on notice that the work is being done by virtue of contract and ordinance providing for the assessment of a lien against abutting property, still it is sufficient to excite inquiry which would lead to the discovery of the facts. It was agreed that the appellee inspected the property and went over the street in front of the property at a time when that work was in progress. A simple inquiry directed to Garretson would doubtless

have secured information as to the debt and lien.

[3] The ordinances of cities are not required or permitted to be recorded under the statutes relating to registration. The statute provides that all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances, or other instruments of writing concerning any lands or tenements, or goods and chattels, or movable property of any description may, when acknowledged or proved according to law, be recorded. Vernon's Sayles' Stats. 1914, art. 6823; Rev. Civ. Stats. 1925, art. 6626. Under these provisions the ordinances of a city cannot be recorded in the county records, and if without authority they were recorded, it would add nothing to the notice given by them. The statute provides that instruments permitted to be recorded shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, if not properly acknowledged or proved and filed with the clerk to be recorded as required by law. Rev. Stats. 1925, art. 6627. The ordinance making the assessment and creating the lien on the property could not be recorded according to law, and its registration would not have added anything to it as notice. Appellee was charged with knowledge that assessments could be levied against the property and a lien fixed thereby, and he must have known, when he saw that improvements were being done on the street on which the property abutted, that it was being done under the authority of the city in the way provided by law. If he did not know the work was in progress when he bought, he should have testified that he did not. The burden was on him. He should have consulted the records of the city.

The evidence introduced by appellant made a prima facie case, and the burden rested on appellee to rebut that prima facie case by evidence of his purchase of the property, for a valuable consideration, in good faith, without notice. This he did not do.

The judgment will be reversed as to appellee and judgment here rendered that the lien by foreclosed against the property and that appellant recover the costs of this suit against appellee. The judgment is affirmed as to Garretson and wife.

Reversed and rendered in part, and affirmed in part.

## On Motion for Rehearing.

[4, 5] The statutory lien was not waived by the failure of appellant to record its personal lien on the Garretson property, and the only question in the case is as to the facts being such as to put appellee upon inquiry, that would have resulted in the ascertainment of the existence of the lien.

Appellee not only devotes a large part of his original motion for rehearing to the assumed failure upon the part of this court to consider the agreement of the parties that. appellee had no actual or constructive notice of the lien on the property "unless as a matter of law he is charged with notice thereof by reason of the records then on file in the office of the city clerk of the city of San Antonio, as hereinafter mentioned, or unless, as a matter of law, he is charged with knowledge by reason of any work which may have been done by plaintiff, or the contractor under whom plaintiff claims in the carrying out of the improvements on which plaintiff's claim is based." That agreement was used by this court in connection with the evidence in the case showing knowledge upon the part of appellee of improvements being made upon the street at the time he inspected the property with a view to purchasing it. While not as lucidly and aptly expressed as it might have been, this court considered that the agreement in connection with the city records presented the question of whether the facts were sufficient to put appellee upon inquiry as to liens on the property.

The opinion of this court was not based "wholly upon the theory" that appellee did not attempt to show that he did not know that the street was being paved when he bought the property. The facts show that appellee knew the pavement as being constructed in front of the property when he bought, and that fact is in effect admitted in the agreement which is made the burden of the motion for rehearing. There would have been no basis for the agreement about the work on the street being enough to excite inquiry if there had not been evidence that appellee knew the work was in progress when he bought.

We thoroughly concur with the opinions cited in the "supplemental motion for rehearing," and adopt as peculiarly appropriate to the facts of this case the language used by a district court in a charge which was approved in the opinion rendered by Judge Stayton in the case of Sickles v. White, 66 Tex. 178, 17 S. W. 543, as follows:

"Notice may be actual or constructive. Constructive notice is a conclusive presumption, or presumption of law, which arises from certain facts proven to exist, as for instance, the proper and legal registration of a deed in the county where the land lies. Actual notice exists when knowledge is actually brought home to the party to be affected by it, or where he might, by the use of reasonable diligence, have informed himself of the existence of certain facts. The question of notice is a question of fact to be determined by the jury from all the facts and circumstances given in evidence before them on this subject. You are charged that any information which was sufficient to have put a prudent man upon inquiry will be regarded as notice, if it was of such a character that he might have ascertained the facts by the use of proper diligence."

Appellee did not deny the facts in this case, but in effect admitted by agreeing that a ques-

tion of law was presented for application to the facts that he had knowledge of the construction of the pavement.

Under the uncontradicted facts, we hold as a matter of law that the facts were sufficient to put appellee upon inquiry, which, if he had followed up as any reasonably prudent man should have done, he would have ascertained that there was a lien upon the land before he bought it.

The motion for rehearing is overruled.