### SILVA et al. v. C. J. WEBSTER OIL & GAS CO.

No. 10335.

Court of Civil Appeals of Texas. San Antonio.

Jan. 26, 1938.

Rehearing Denied Feb. 23, 1938.

Chas. W. Duke, of San Antonio, for appellants.

Henry C. King, Jr., and M. L. Roark, both of San Antonio, for appellee.

SMITH, Chief Justice.

This appeal is from an order appointing a receiver of property belonging jointly to all the parties, the property consisting of an oil, gas, and mineral lease upon lands in Jim Hogg County, and the equipment, materials, and supplies used in the development of that lease, including seventeen producing wells, and all the products thereof now on hand and to be produced, as well as the funds on hand, or to be collected, from said products. The order appointing the receiver was issued upon the filing of the petition of the C. J. Webster Oil & Gas Company, without notice or hearing, and by its terms all the properties were placed in the hands of the receiver, who was authorized and directed to assume custody and control of the same, and continue the development of and production from said lease.

Appellee alleged in its petition that the property involved was jointly owned, in certain proportional interests, was of the reasonable value of $20,000, and was now in the possession of and being operated by W. O. Harris, one of the defendants below and appellants here; that appellee was entitled to have the joint property partitioned among the several owners, and, not being susceptible of partition in kind, it is necessary that the same be sold through a receiver and the proceeds distributed by him. As grounds for the summary remedy of immediate receivership, appellee alleged that "There exists a necessity for the immediate appointment of such a receiver in order to take possession of said leases, operate said wells, take into possession and preserve all of the said described personal property, and to operate and manage the same under the orders of this court; and plaintiff further shows that unless such receiver be appointed, said personal property may be lost or damaged."

The ultimate question presented in the appeal is that of whether the court erred in making the appointment without notice or hearing, solely upon the filing of the pleading described above. We are of the opinion that the petition did not authorize the harsh remedy applied.

It is true, of course, that, if it appears from a trial on the merits of a partition suit that the property involved is jointly owned by two or more parties, they are entitled to have the same partitioned among them according to their several respective interests. Articles 6082, 6101, R.S.1925.

So is it true that, when it develops upon such trial that real property is not susceptible of partition in kind, it is the duty of the court to order it sold, through whatever legal process the court may direct in its discretion, and the proceeds apportioned among the several owners according to their ascertained interests. Article 6096, R.S. 1925.

In case of partition of personal property, the sale shall be made as under execution. Articles 6105, R.S.1925.

■■ The statutes provide in detail the procedure in cases of partition, which procedure is mandatory. Title 104, R.S.1925, art. 6082 et seq. While it is true that the statute provides, in case of partition of real property, that the same may be sold through a receiver, it does not authorize the appointment of such receiver until the sale is decreed in pursuance of the order of partition. There is no provision, and it is not contemplated, that a receiver shall be appointed and authorized to take possession and operate the property from the time of the institution of suit for partition, or at any time thereafter. A receiver may not be appointed to take over and operate the property by virtue of the partition statute. Authority to appoint a receiver for such purposes may be found only in the general statute providing for appointment of receivers, to wit, article 2293, R.S.1925.

■ In this case appellee relies upon the only relevant provision of that statute, article 2293, subd. 1, that a receiver may be appointed "in an action * * * between partners or others jointly owning or interested in any property or fund, * * * where it is shown that the property or fund is in danger of being lost, removed or materially injured." The only relevant allegation in appellee's petition was that "plaintiff further shows that unless such receiver is appointed, said personal property may be lost or damaged."

We conclude that this allegation is wholly insufficient to warrant the summary appointment of a receiver for the property involved. The allegation is the merest conclusion of the pleader, with no fact alleged to support the conclusion. Nor is the mere conclusion that the "property may be lost or damaged," unless a receiver is appointed, sufficient to bring the case within the requisite showing that the property "is in danger of being lost, removed or materially injured." There is no allegation or intimation in the petition that the present operator of the property, presumably lawfully thereunto authorized, is mismanaging, or neglecting the same, or threatens or is likely to do so, or that he is in any way unfit to operate the property. So far as there are allegations to the contrary, the present operator is performing, and will continue to perform, every duty as faithfully and efficiently and honestly as any receiver could or would do.

The judgment is reversed and the receivership vacated with all costs of the receivership, including receiver's fees, if any, assessed against appellee.