**DeBUSK et al. v. GUFFEE et al.**
**No. 2355.**

Court of Civil Appeals of Texas. Eastland.
April 16, 1943.

Henry L. DeBusk, of Abilene, for appellants.

Scarborough, Yates & Scarborough, of Abilene, and R. E. L. Batts, of Fort Worth, for appellees.

FUNDERBURK, Justice.

Guy L. Guffee et al. (heirs or devisees and/or persons in privity with heirs or devisees of E. Guffee, deceased, and Mary E. Guffee, deceased) brought this suit against Mrs. Winnie DeBusk and her husband, Henry L. DeBusk, and Ira L. Guffee and others to partition Lot 3, Block F of the continuation of the Highland Addition to the City of Abilene, Texas. The defendants, other than those specially named above, were joined on the ground that they claimed some right or interest in the land and in order to afford them opportunity to assert such right or interest, if any. Defendant Henry L. DeBusk, in addition to the capacity aforesaid, was sued as independent executor of the estate of E. Guffee, deceased.

In addition to effecting partition of said land, plaintiffs sought recovery of their pro rata part of rents in the alleged sum of $100 per month claimed to be due upon the theory that the DeBusks had ousted plaintiffs as their cotenants from said property and had held exclusive possession thereof since November 1, 1940.

In purported answer to plaintiffs' fourth amended original petition (trial pleading), the DeBusks pleaded at great length, as did also Henry L. DeBusk separately in his capacity of independent executor. It is deemed necessary only to notice three of the defensive pleas. In one, said defendants asserted claim to all of the property. In another, and in the alternative, they sought to be allowed the amount of enhancement in the value of the property allegedly resulting from improvements made thereon by the DeBusks. In another, also in the alternative, they claimed an allowance, as a charge against the common property, of "reasonable, fair and equitable compensation and reimbursement for services of Henry L. DeBusk as Independent Executor" and attorney for the estate aggregating $4,000 assigned to Mrs. Winnie DeBusk.

The trial was by jury. A verdict was returned finding the reasonable rental value of the property from November 1, 1940, to be $50 per month; that the property was, by improvements made on same by the DeBusks, enhanced in value $2,000, and that a reasonable compensation of Henry L. DeBusk for his services to and as executor of the estate of E. Guffee was $2,500.

The judgment ordered sale of the land in order to make partition, but ordered the

partition subject to payment of said enhancement in value by improvements, less rents, plus compensation allowed for the services, as aforesaid, of Henry L. DeBusk.

The judgment refers to the date of July 31, 1942, in such a way as to indicate that such was the date the judgment was rendered, and, according to the transcript, the term of court was adjourned the next day, on August 1, 1942. Hence, upon the theory that the term of court did not continue for as long as five days after the date of the judgment, no motion for new trial was made. The DeBusks (Henry L. DeBusk in all his capacities) have appealed.

■ Appellants filed assignments of error in the trial court and appellees have two cross-assignments of error in their brief. These, we think, are alike without effect. The only assignments of error now provided for by Texas Rules of Civil Procedure are such as constitute parts of the subject matter of motions for new trial. In all cases, where no motion for new trial is required, and, therefore, none made, the Rules provide a substitute for assignments of error. Such substitute provision is a part of Rule No. 374, reading as follows: "Complaint of the action of the court on all matters arising under circumstances where no motion for new trial is required by these rules, if relied upon on appeal, *shall* be included in the statement of points in the brief as hereinafter provided." (Italics ours.) The words "as hereinafter provided" evidently refer to Rule No. 418 and that part of same reading as follows:

"The brief for appellant should contain in the order here stated: * * *

"(b) A statement of the points ·upon which the appeal is predicated, separately numbered, in short form and without argument, and germane to one or more assignments of error *when assignments are required.* Such points will be sufficient if they direct the attention of the court to the error relied upon, and they should ordinarily be so concisely stated that they may appear, separately numbered, on a ·single page of the brief." (Italics ours.)

Rule No. 418, while in terms applying to appellants, by adoption and reference is made to apply to appellees. Rule No. 420 provides: "In case the appellee desires to complain of any ruling or action of the trial court, his brief in regard to such matters shall follow substantially the form of the brief for appellant." Rule No. 324, in part, provides that: "A motion for new trial shall not be necessary in behalf of appellee, *except where he complains of the judgment or a part thereof."* (Italics ours.) The implication is clear that in a case in which appellee seeks a review of any of the proceedings, a motion for new trial by him is required. This requirement, however, as to appellee, the same as to appellant, is undoubtedly, we think, limited to cases in which motions for new trial are required as prerequisite to appeal and has no application in this case.

It is our opinion that in this case as to both appellants and appellees, the "points upon which the appeal" is predicated are alone to be looked to as presenting the questions for decision by this court, without reference to the assignments of error or cross-assignments of error.

■ Looking to appellants'. brief to ascertain the number and nature of the points upon which the appeal is predicated, we find two briefs, one denominated "Brief" and the other "Supplemental Brief"; but each containing a different statement of the points. The points in the "Brief", being numbered 1 to 5, inclusive, are each simply a declaration to the effect that, under stated circumstances, an independent executor has the "duty" or "authority" to appeal. They raise no material question. The independent executor was party to the suit. It would seem to be a matter for his decision whether it was his *duty* to appeal. There can be no question of his right or *authority* to appeal, and it does not appear that such authority has in anywise been challenged.

In the "Supplemental Brief" is a statement of seven points.

Point one is: "The suit filed by appellees should have been dismissed." Point two is: "The trial court should have instructed for defendants." Passing over the obvious fact that both of these could not be true, we deem it sufficient to say that, in our opinion, neither is sustained by the record.

■ Point three ·is: "The judgment does not conform to the verdict rendered upon the limited theory the case was tried." So far as we can see, the judgment gave full effect to, and was in complete accord with, the verdict of the jury.

Point four is: "The evidence discloses no testimony against the award made for

the fee and improvements." The award for improvements and attorneys fees was made for appellants. If, as the point asserts, there was no testimony *against* the award, what, it seems pertinent to ask, is the ground of complaint? If that be a fact, why label such a fact as a point upon which the appeal is predicated?

■ Point five is: "No evidence of any demand for possession or rents being shown, no rents should have been allowed by the Court." The issue tendered, and which we must presume was established, was that appellants had ousted the appellees and had made adverse claim to the property as their own. If so, then no demand for rents or possession, even if otherwise required, was necessary as a prerequisite to the right to recover same.

Point six is: "Upon the limited theory the case was tried, the evidence fully supports every award made to Defendants." So what? Did appellants conceive it to be necessary to appeal the case in order to urge that awards made in their favor were fully supported by the evidence? This question, it seems to us, demonstrates the futility of any further discussion of this point.

■ Point seven is: "The trial court was without authority under the pleadings, or by direction of law, to appoint a receiver to oust the independent executor, take charge of and rent and control the property for any period of time." This point, if properly supported by the record, would seem to have some merit. The appointment of a receiver for the purpose of selling the land, in order to effect a partition thereof, was entirely proper. But if the land was to be rented or used before a sale was made, it seems to us that the independent executor, and not the receiver, was entitled to the possession and to control and rent same. Silva v. C. J. Webster Oil & Gas Company, Tex.Civ.App., 113 S.W.2d 961, 962.

There being no supersedeas of the judgment, it seems highly probable that this matter may now have become moot by the sale of the land. Just in case it has not, we think the judgment should be reformed so as to eliminate the grant of authority to the receiver to rent the land or exercise any other control over it than to make the ordered sale and make proper returns thereof.

■ However, it seems so highly improbable that the trial court would not have made such correction in the judgment had it been properly and timely called to his attention, with the result that the necessity of an appeal on such ground would have been avoided, that we have decided that the costs of appeal should, nevertheless, be adjudged against the appellants.

■ In appellees' brief, under the heading "First Independent Proposition", is the following: "Where a co-tenant is entitled to recover from the other co-tenants for repairs, the measure of his recovery is a contribution to be reimbursed for such sum so expended." At another place in the brief under the heading "Second Independent Point" is the following: "An executor of an estate who also acts as attorney for the estate is only entitled to fees as executor and not entitled to a fee as an attorney." Viewing these as points of appellees, they are, in our opinion, insufficient under Rule No. 418 to present any question for decision. They fail by the test therein provided that "points will be sufficient if they direct the attention of the court to the error relied upon." The word "error", as so used, means some *ruling* or *action* of the court claimed to be wrong. This same test was formerly prescribed by statute for determining the sufficiency of assignments of error. R.S.1925, Art. 1844. Such test as to assignments of error probably had its origin in the opinion of Judge Gaines in Clarendon Land Investment & Agency Co. v. McClelland et al., 86 Tex. 179, 192, 23 S.W. 576, 1100, 1103, 22 L.R.A. 105, wherein, after making clear that the subject of an assignment of error is some ruling of the court, it was said: "Where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of, it should be held good."

The question upon which our conclusion above is announced may be stated as follows: Is an abstract proposition of law, such as that (1) "Where a co-tenant is entitled to recover from other co-tenants for repairs, the measure for recovery is a contribution to be reimbursed for said sum so expended," or (2) "An executor of an estate, who also acts as attorney for the estate, is only entitled to fees as executor and not entitled to a fee as an attorney"; absent any reference to any "ruling or action of the court", sufficient as a point un-

der Rule No. 418? A misinterpretation of the law by a court in a given particular may cause a number of wrong rulings in the course of a trial. For example, it may cause special exceptions to pleadings to be erroneously overruled or sustained; evidence to be erroneously admitted or excluded; special issues to be erroneously submitted or refused; motions for judgment on the verdict, or motions for judgment notwithstanding the verdict, to be erroneously sustained or overruled. Rule No. 418 simply makes the minimum requirement that a point "direct the attention of the court to the error [that is, ruling or action] relied upon" for reversal or correction of the judgment. In our opinion, the two points of appellees fail completely to meet this requirement.

 Even, however, if appellees' cross-assignments of error should be considered, they do not cure the defect. The assignments of error merely complain of the judgment, not of the wrong rulings or actions, if any, which resulted in the judgment. The court submitted issues involving the very matters to which appellees' points or propositions relate. There is no point made by appellees regarding any ruling or action in that regard. The presumption, therefore, is that appellees acquiesced in such ruling or action. But if such issues were properly raised and submitted, or if not, any error therein was waived by acquiescence, then the judgment was the only judgment which properly could be based upon the verdict of the jury. Where a wrong ruling or action of a court is not the rendition of the judgment, but is the foundation or part thereof, of the judgment, the error which a point must indicate to the court is the ruling or action constituting such foundation.

In Wagley v. Fambrough, Tex.Civ.App., 163 S.W.2d 1072, we sustained the sufficiency of certain points there challenged, even though deploring the necessity it imposed upon the court of searching a long record for reasons, if any, to show the error, if any, in the rulings or actions involved. In that case the points met the test of sufficiency by Rule No. 418. The points here fail to meet the test.

It is, therefore, our conclusion upon the whole case that the judgment of the court below should be reformed as hereinbefore indicated, and as reformed should be affirmed, which is accordingly so ordered.