**HOLLAN v. HOLLAN.**

No. 11706.

Court of Civil Appeals of Texas. Galveston.

April 26, 1945.

Rehearing Denied May 16, 1945.

Dick Young, of Houston, for appellant.

Kahn, Heidingsfelder & Wander, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 55th District Court of Harris County, sustaining the appellee's plea in abatement of the appellant's suit in the Harris County district court for divorce against him on the alleged ground of cruel treatment, and the consequent dismissal of the cause, upon this finding and holding:

"* * * came on for hearing in its regular order the Plea in Abatement filed by the defendant herein, which alleged that the plaintiff had not resided in Harris County, when this suit was brought, for six months next preceding the filing of this suit; wherefore appeared plaintiff and defendant in person and by counsel, and announced ready, and the Court having heard said plea and the evidence thereon, and being fully advised in the premises, finds that said Plea should be sustained; and the Court further finds that this suit was instituted on the 25th day of January, 1945, and that the plaintiff, who is seeking a divorce herein against the defendant, has resided in Harris County, Texas, only since the 4th day of December, 1944, and therefore, the plaintiff has not resided and did not have her domicile in Harris County, Texas, for six months next preceding the institution of this suit."

No findings of fact nor of law, other than those so recited in the quoted judgment, were either requested or filed; neither did appellant file a motion for a new trial below, nor any assignments of error either there or here, but she upon this appeal relies alone on points of error thus, in substance, stated in her brief:

"Point One. Continuous *physical presence* in a County for six months preceding the filing of a divorce suit is not required.

"Point Two. Temporary absence of a person from a County where he has acquired a residence does not break the continuity of the six months required in a County before the filing of a divorce suit.

"Point Three. Where the evidence showed that the husband and wife had established a residence in Harris County, but the husband's work required him to go to various other counties in pursuance of his occupation, but he did not testify that he

424

had established a residence in any other County than Harris County, the wife's suit for divorce was properly brought in Harris County."

■ Under such presentments on her mere exception to the judgment and giving notice of appeal therefrom below, appellant's chief contention here is, that the court reversibly erred in "cutting off trial counsel, as he did, and precluded counsel from developing his case," in sustaining objections made by appellee's counsel to inquiries made of him by appellant's counsel as to "where he had ever intended to live permanently," on a ruling by the court that his intention was immaterial, and "that residence is a substantial thing—it is not a matter of intention."

Clearly, it is thought, no such question was raised here under the recited points of error presented pursuant to Nos. 374, 418, 421, 422, and 424, Texas Rules of Civil Procedure since appellant's counsel accepted that ruling at the time, merely saying: "All right. I will put her on the stand when he gets through," and accordingly placed the appellant on the stand and proceeded with other features of her case. Brown County, etc. v. McIntosh, Tex.Civ. App., 164 S.W.2d 722, error refused; De-Busk v. Guffee, Tex.Civ.App., 171 S.W.2d 194.

■ In any event, however, that ruling of the court did not constitute reversible error, nor did the assertion in appellant's stated Third point of error, and in argument in her brief thereunder, to the effect that the appellee never testified that he had establishd residence in any other county than Harris, nor what his intention had been with reference to that matter, nor whether he had ever intended to live in Harris County; because, he did testify plainly and repeatedly that he had, when moving to each and all of the places he did, taken his wife with him after they first left Harris County in January of 1942, that he had moved to those successive places and lived in a "trailer-home," while working and resident there; that he had sold his former home in Houston, in November of 1943, and specifically, "that in the numerous visits he and his wife had made back to Harris County after so first leaving it, their purpose had been to visit their relatives still living there, and that he did not ever come back there with the intention of making Harris County his home."

Appellant thus grounds her appeal and points of error upon a state of facts the substance of the evidence does not support; hence the authorities she cites, such as Therwhanger v. Therwhanger, Tex.Civ. App., 175 S.W.2d 704; Struble v. Struble, Tex.Civ.App., 177 S.W.2d 279; Ivy v. Ivy, Tex.Civ.App., 177 S.W.2d 237, to the purport that intention is a material inquiry on an issue of what a litigant's domicile was at a particular time, and that it is not indispensable that one continue to be physically present in a county throughout the six months immediately prior to the filing of a divorce suit, as provided in R.S. Article 4631, Vernon's Ann.Civ.St. art. 4631, likewise did not rule the facts of this case.

■ In other words, a careful review of the record discloses that the evidence amply supports the quoted finding of the trial court upon the residence and domicile issue; indeed, there is very little, if any, real dispute between the parties, the appellant having made no effort to controvert any of the appellee's recitations as to where and how they had lived at the various times and places detailed by him, nor of her ever having then objected to such movements and residences, nor did she undertake to say how many days in fact they had spent in Harris County on the several week-end visits they had made back there between the time they first left it in 1942 and the time of her leaving the appellee on December 4 of 1944.

■ Having so acquiesced in, consented to, and in nowise interposed a contrary purpose as to their domicile during all that period, the appellant was bound by the several and successive selections during that time as to their residence and domicile as so made by the appellee, prior to her abandonment of him and her return to Harris County just before filing this suit for divorce against him; this for the reason that our law confers upon the husband in such circumstances the privilege and the duty of selecting the dwelling-place of his family. Texas Jurisprudence, Husband and Wife, paragraphs 7 and 8, pages 18 and 19, and footnote cited authorities.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.